898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ariel FALCON, Plaintiff-Appellant,
v.
Jerry CLEM; Mr. Yeargin, Defendants-Appellees,
Norman A. Carlson; Mr. Samples; Mr. Hoover; Mr. Hamett;
Mr. Norris; Mr. Willingham; Ray George; Mrs.
Ford, Nurse, Defendants.
 No. 88-7060.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1989.
Decided: Feb. 23, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (C/A No. 86-81-CRT)
 Ariel Falcon, appellant pro se.
 James Gordon Carpenter, Assistant United States Attorney, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ariel Falcon appeals a judgment entered on behalf of the defendants, counselors at the Federal Correctional Institution at Butner, North Carolina, pursuant to a jury verdict in this Bivens* action. He contends that the district court erred by failing to hold a pretrial conference, appoint an attorney to assist him, or issue witness subpoenas, and that the defendants withheld documents he had requested them to produce. Because we find no merit in these contentions, we affirm.
 
 
 2
 The record shows that although the district court attempted to hold two pretrial conferences in this case, the conferences did not take place because Falcon failed to appear for either conference. There is also no indication that the defendants wrongfully withheld documents from Falcon. Although Falcon did file a request for the production of documents with the district court, it appears that he never served this request on the defendants.
 
 
 3
 Falcon contends that the district court should have appointed an attorney to represent him because of "his proven mental status." While the ability of a pro se litigant to present his case is a factor to consider when ruling on a motion for the appointment of counsel, Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984), there is no suggestion in the record that Falcon suffered from a mental condition that interfered with his ability to present his case. Furthermore, the issues involved were not complex. After the district court winnowed out the meritless issues, the only questions to be resolved by the jury were whether defendants Clem and Yeargin confiscated and destroyed legal materials belonging to Falcon, and whether Clem refused to allow Falcon to communicate with the court while being held in seclusion. Falcon maintained that they had; Clem and Yeargin swore that they had not. Given these facts, it cannot be said that the district court abused its discretion in refusing to appoint counsel for Falcon.
 
 
 4
 The issue of the witness subpoenas presents a more difficult question. The record reveals that Falcon filed two requests for witness subpoenas in July and October 1986, long before a trial date was ever scheduled, and a third request (naming the same witnesses listed in the earlier requests) approximately ten days before his first trial date. There is no indication that Falcon ever followed up on these requests, even though his trial was continued twice at his request. It was not until less than one month before Falcon's third and final trial date that Falcon brought the failure to address his subpoena requests to the court's attention. Even after this oversight was brought to the court's attention, however, the court failed to address these requests.
 
 
 5
 Without deciding whether and under what circumstances the district court has the authority to waive witness fees and subpoena witnesses for an indigent defendant, it is clear that the court should have ruled on Falcon's request. At best, Falcon's motions indicate confusion over how to compel the testimony of witnesses at trial. Having been denied the assistance of counsel he requested, he was entitled to a ruling on his motions to subpoena witnesses and to some guidance in this regard. Nevertheless, a thorough review of the record and trial transcript leads to the conclusion that even if the witnesses sought by Falcon had been available to testify, their presence would not have affected the outcome of the trial. Assuming the witnesses would have testified as Falcon expected, their testimony would have shed no light on the issues to be resolved by the jury.
 
 
 6
 Accordingly, we deny Falcon's request for the appointment of counsel and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)